In the Matter of LOUISE VOGEL, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, July 1, 1949.

*Milton Reichgott* for petitioner.

*Nathan W. Math* for respondents.

DALY, J. This is a proceeding to review the determination of the Temporary City Housing Rent Commission of the City of New York, which denied petitioner's application for a certificate of eviction.

The issue presented is one of law only. The respondents contend that they cannot issue a certificate on the grounds urged by

the petitioner, to wit, that the use of the premises has resulted in a violation being filed by the department of housing and buildings. Where residential premises are used and occupied by a tenant as a rooming house contrary to the Multiple Dwelling Law, and as the result of such illegal use and occupancy a violation is placed thereon by the department of housing and buildings, it is the duty and obligation of the landlord to restore the building to lawful occupancy, and to evict the tenant in view of the latter's failure to remove the violations created by his use and occupancy of the premises. It is no answer to say that the department of housing and buildings, or some other agency, in the exercise of their police power, should cause the premises to be vacated as constituting a nuisance. That may be a ground for reversing a conviction of the owner of the premises (*People v. Broadway-Sheridan Arms, Inc.*, 275 App. Div. 352), but it does not aid him out of his dilemma.

It seems clear that under Local Law No. 66 of 1947, re-enacted as Local Law No. 41 for the year 1948, the respondents may issue a certificate under the circumstances presented herein. (Cf. *Knickman v. Hochfeld-Petri*, 88 N. Y. S. 2d 346.) It follows that the determination of the respondents is reversed and they are directed to issue a certificate.

Settle order on notice.